## APONG *vs.* HENRY MARKS, JULIA MARKS, and JANET MARKS.

In all civil cases, marriage may be proved by reputation, declarations, and conduct of the parties and other circumstances usually accompanying that relation. Such evidence is not conclusive, but it is admissible to the jury as testimony from which marriage may be inferred.

The husband is liable for all torts of the wife committed during coverture.

This was an action brought to recover damages for injury done to the plaintiff's reputation as a merchant, by the allegation of the defendants, that he had robbed them of 454 ounces of gold dust; and was the last in the series of the Marks cases.

It having appeared in the course of the evidence, that Miss Janett Marks was a minor, the plaintiff's counsel, so far as she was concerned, discontinued the suit.

Julia Marks alleged that she was a married woman, the wife of Mr. Caspar Marks, of Sydney, and her counsel offered to show this fact by witnesses who had recently known her and Caspar Marks, living together as man and wife in Sydney. This evidence was objected to by the plaintiff's counsel, who contended that her marriage could only be proved by direct evidence, that is, by the testimony of a witness present at the celebration; or by a certified copy of the register of the marriage.

The Court overruled the objection, and CHIEF JUSTICE LEE remarked that in all civil cases, marriage may be proved by reputation, declarations, and conduct of the parties and other circumstances usually accompanying that relation. For example, their conversation and letters, addressing each other as man and wife; their living together in that relation, and being generally reputed to be man and wife; their appearing in respectable society, and being there received as man and wife; the assumption by the woman of the name of the man; their joining as man and wife in the conveyance of her real estate; the acknowledgement and treatment of their children by them as legitimate, and any other conduct indicative of the marriage. Such evidence was not conclusive, but it was admissible to the jury as testimony from which the marriage might be inferred.

Evidence was then introduced, showing the cohabitation of Caspar Marks and Julia Marks, as man and wife; their addressing each

other as such; their visiting together and dining out in that relation; and their acknowledgment and treatment of their children as legitimate.

CHIEF JUSTICE LEE charged the jury that the husband is liable for all torts of the wife committed during coverture, and that, if they found Julia Marks to be a married woman, she could not be made subject to damages in this suit, unless her husband were made a joint party to the same. That, in the event of their finding her a *feme covert*, they could only render a verdict against Henry Marks.

The jury, after an absence of half an hour, returned into Court, and stated that they found Julia Marks to be a married woman, and rendered their verdict against the defendant Henry Marks in the sum of two thousand five hundred dollars.

Mr. Bates and Mr. Burbank for the plaintiff.

Mr. Harris for defendants.